# EXHIBIT A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ERICK G. VILLATORO,                          *
                                             *
      Plaintiff,                        *       CIVIL ACTION FILE NO. 22A03174
                                             *
      v.                                *
                                             *
SUNRISE PRODUCE, INC.,                       *
JOHN DOE, ABC CORP.,                         *
XYZ CORP., AND AUTO OWNERS                    *
INSURANCE COMPANY                            *
                                             *
      Defendants.                       *

## COMPLAINT

COMES NOW, ERICK G. VILLATORO (hereinafter "Plaintiff") by and through his undersigned counsel and files this Complaint against Defendants SUNRISE PRODUCE, INC., AUTO-OWNERS INSURANCE, ABC CORP., AND XYZ CORP and shows this Honorable Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff ERICK G. VILLATORO is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant SUNRISE PRODUCE, INC. ("Defendant Sunrise Produce, Inc.") is a domestic for-profit corporation organized under the laws of the State of Indiana. Defendant Sunrise Produce, Inc. is authorized to transact and do business within the State of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be

*[Handwritten annotation:]* In response to the allegations contained in P2 of π's Complaint, Δ admits that Δ Sunrise is an Indiana corporation. Δ denies the remaining allegations contained in P2 of π's Complaint

STATE COURT OF
DEKALB COUNTY, GA.
8/22/2022 11:56 AM
E-FILED
BY: Monica Gay

perfected upon Defendant Sunrise Produce, Inc. through its chief executive, Thomas W. Kercher at the following address: 19498 CR 38, Goshen, IN 46526.

3.

Defendant AUTO-OWNERS INSURANCE COMPANY ("Defendant Auto-Owners Insurance Company") is a foreign corporation organized under the laws of the State of Michigan.  Defendant Auto-Owners Insurance Company is authorized to transact and do business within the State of Georgia and is subject to the jurisdiction and venue of this Court.  Service of process may be perfected upon Defendant Auto-Owners Insurance Company through its chief executive, Linda Banks at the following address: C T Corporation, 289 S. Culver Street, Lawrenceville, GA 30056.

4.

Defendant JOHN DOE ("Defendant John Doe") is an entity or person that owned and/or operated the truck tractor involved in the subject collision and is subject to the jurisdiction and venue of this Court.  Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendant John Doe.  Defendant John Doe will be named and served with the Summons and Complaint once his or her identity is revealed.

5.

Defendant ABC Corp. is an entity or person that owned and/or operated the truck tractor involved in the subject collision and/or employed the driver of the truck tractor involved in the subject collision and is subject to the jurisdiction and venue of this Court. Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendant ABC Corp.  Defendant ABC Corp. will be named and served with the Summons and Complaint once its identity is revealed.

6.

Defendant XYZ Corp. is an entity that insured the truck tractor involved in the subject collision and is subject to the jurisdiction and venue of this Court.  Plaintiff incorporates by reference all claims made in this Complaint against any other Defendant against Defendant XYZ Corp.  Defendant XYZ Corp. will be named and served with the Summons and Complaint once its identity is revealed. 

7.

This Court has jurisdiction over the subject matter of this action.

8.

Venue is proper in Dekalb County, Georgia, pursuant to the Georgia Code §9-10-93, because the tortious act occurred in Dekalb County, Georgia.

## **ALLEGATIONS**

9.

On March 10, 2021, Plaintiff the operator of a 2007 Nissan Titan, was traveling on I-285, County of Dekalb, and State Georgia.  At all times relevant hereto, Plaintiff was a restrained driver and exercising reasonable care for his own safety. 

10.

Prior to and on March 10, 2021, Defendants Sunrise Produce, Inc., ABC CORP. owned, operated, and/or controlled a 2015 Volvo VNL64T, VIN No. 4V4NC9TH1FN908489 for use over public highways.

11.

Prior to and on March 10, 2021, Defendants Sunrise Produce, Inc., ABC CORP. failed to exercise reasonable care for the safety of others who might be affected by their actions by negligently operating and/or allowing the negligent operation of the above- 

mentioned 2015 Volvo VNL64T while the truck tractor and its driver were in violation of legally mandated minimum safety requirements and by violating multiple Federal laws, Georgia laws, and rules of the road, and, on March 10, 2021, said actions and violations caused a collision between Plaintiff and Defendants' truck tractor and proximately caused serious injuries to Plaintiff.

12.

On March 10, 2021, JOHN DOE, who was an employee/agent of Defendant Sunrise Produce, Inc. and/or ABC Corp., and who was in the scope and course of their employment/agency, was operating the above-mentioned 2015 Volvo VNL64T on the  northbound lanes of Interstate 285 in Dekalb County, Georgia. JOHN DOE was operating said truck tractor in violation of multiple Federal laws, Georgia laws, and rules of the road, including, but not limited to, failure to maintain control of the truck tractor, failure to maintain lane, changing lanes in an unsafe manner, driving his/her vehicle in reckless disregard for the safety of persons or property, causing a collision between said truck tractor and Plaintiff's vehicle and proximately causing serious injuries to Plaintiff.

13.

On March 10, 2021, JOHN DOE, who was an employee/agent of Defendant Sunrise Produce, Inc. and/or ABC Corp., negligently failed to maintain a proper distance and struck the rear of Plaintiff's vehicle. JOHN DOE's recklessness, intentional acts, negligence, and  negligence per se proximately caused Plaintiff to suffer injuries, general damages, and special damages.

14.

At all times relevant hereto, JOHN DOE was operating Defendants Sunrise Produce, Inc. and/or ABC Corp.'s truck tractor in a reckless and negligent fashion which

resulted in the above-described collision and proximately caused serious injuries to Plaintiff.

15.

At all times relevant hereto, Defendant Sunrise Produce, Inc. and/or ABC Corp. was negligently supervising the operation of Defendants Sunrise Produce, Inc. and/or ABC Corp.'s truck tractor which resulted in the above-described collision and proximately caused serious injuries to Plaintiff. 

16.

Defendants Sunrise Produce, Inc. and/or ABC Corp. are liable under the doctrine of respondeat superior for the harm caused to Plaintiff by the wrongful acts of their employees, JOHN DOE, who was acting in the scope and course of his/her employment with Defendants Sunrise Produce, Inc. and/or ABC Corp. and during the actual transaction  of Defendants Sunrise Produce, Inc. and/or ABC Corp.'s business when they caused the subject collision and proximately caused serious injuries to Plaintiff.

17.

Defendants Sunrise Produce, Inc. and/or ABC Corp. are liable to Plaintiff because they negligently entrusted their vehicle to JOHN DOE when JOHN DOE was not properly suited to drive the vehicle, proximately causing injuries to Plaintiff, and because Defendants Sunrise Produce, Inc. and/or ABC Corp. failed to properly hire, train, retain,  and supervise their employees so that they would not cause harm to persons such as Plaintiff, proximately causing injuries to Plaintiff.

18.

Defendants Sunrise Produce, Inc. and/or ABC Corp., are negligent per se because (1) their acts and/or the acts of their employees were in violation of Federal laws and 

Georgia laws regarding the use and operation of motor vehicles and commercial motor vehicles, (2) the laws were designed to prevent the type of collision and injuries involved in the subject litigation, (3) Plaintiff is a member of the class intended to be protected by said laws, and (4) the violation of said laws proximately caused Plaintiff's injuries.

19.

Defendants Sunrise Produce, Inc. and/or ABC Corp. knew or should have known that operating a truck tractor on a public roadway while its driver was not properly suited to operate it would result in harm to the individuals who would be affected by the operation of said truck tractor.

20.

Defendants Sunrise Produce, Inc. and/or ABC Corp. knew or should have known that their failure to properly hire, train, retain, and supervise their employees so that they would not cause harm to persons such as Plaintiff, would result in harm to the individuals who would be affected by said employees, yet Defendants Sunrise Produce, Inc. and/or ABC Corp. still failed to properly hire, train, retain, and supervise their employees.

21.

At all times relevant hereto, JOHN DOE was operating the subject truck tractor as motor contract carriers pursuant to O.C.G.A. § 40-2-140 and other applicable laws.

22.

Plaintiff brings this action against Defendant Auto-Owners Insurance Company and XYZ Corp. on a contract of insurance pursuant to O.C.G.A. § 40-2-140 and other applicable law.  The underlying tort claims possessed by Plaintiff arise as a result of a motor vehicle collision and are against Defendant XYZ Corp.'s insureds, Defendants Sunrise Produce, Inc. and/or ABC Corp.

23.

On March 27, 2018, at the time of the subject collision, Defendant Auto-Owners Insurance Company and/or XYZ Corp. had a policy of insurance in effect that provided insurance coverage for the motor carrier operations of Defendant Sunrise Produce, Inc. and included the subject Freightliner truck tractor.



24.

Plaintiff elects to avail himself of the procedure set forth under O.C.G.A. § 40-2-140 and other applicable laws that permit joinder of Defendant Auto-Owners Insurance Company and XYZ Corp. as direct defendants.



25.

Defendant Auto-Owners Insurance Company and/or and XYZ Corp. are liable to Plaintiff based on the above referenced contract of insurance insuring Defendants Sunrise Produce, Inc. and/or ABC Corp. pursuant to O.C.G.A. § 40-2-140.



**JOINT AND SEVERAL LIABILITY**

26.

The combined acts of Defendants Sunrise Produce, Inc. and/or ABC Corp. were reckless, intentional, negligent, and negligent per se and proximately caused Plaintiff's injuries and damages, and said Defendants are jointly and severally liable for Plaintiff's injuries and damages.

**DAMAGES**

27.

Defendants Sunrise Produce, Inc. and/or ABC Corp, and John Doe's recklessness, intentional acts, negligence, and negligence per se proximately caused injuries to Plaintiff



which caused him tremendous pain and suffering, and Plaintiff seeks recovery from Defendants for all damages to which he is entitled

28.

As a result of Defendants Sunrise Produce, Inc. and/or ABC Corp., and John Doe's recklessness, intentional acts, negligence, and negligence per se, Plaintiff sustained personal injuries, special damages, and general damages for which he is entitled to be compensated by Defendants.



29.

As a direct and proximate result of Defendants Sunrise Produce, Inc. and/or ABC Corp, and John Doe's recklessness, intentional acts, negligence, and negligence per se, Plaintiff has incurred medical expenses in excess of Eighty-Two Thousand Eight Hundred Eighty and 87/100 Dollars ($82,880.87), the exact amount to be proven at trial.



30.

As a direct and proximate result of Defendants Sunrise Produce, Inc. and/or ABC Corp. and John Doe's recklessness, intentional acts, negligence, and negligence per se, Plaintiff has lost wages in an amount to be determined, the exact amount to be proven at trial.



31.

As a direct and proximate result of Defendants Sunrise Produce, Inc. and/or ABC Corp.'s, and John Doe's recklessness, intentional acts, negligence, and negligence per se, Plaintiffs will continue to suffer both general and special damages in the future, including expenses for future medical treatment, the exact amount to be proven at trial.



32.

By engaging in the above-described conduct, Defendants Sunrise Produce, Inc. and/or ABC Corp. and John Doe acted in an intentional, malicious, fraudulent, reckless, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of these Defendants is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish each of these Defendants for his or its misconduct and to deter each of these Defendants from engaging in such aggravating conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.



34.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE Plaintiff prays for the following relief:

   (a) Summons and Complaint be served upon Defendants according to the law;

   (b) Plaintiff recover from Defendants jointly and severally a sum of damages to compensate for Plaintiff's injuries and damages, including, but not limited to, past and future medical expenses; past and future lost wages; and past, present, and future pain and suffering as aforesaid;

   (c) Judgment be rendered against Defendant Sunrise Produce, Inc. for punitive damages to deter like or similar conduct in the future;

(d)  Judgment be rendered against Defendant JOHN DOE for punitive damages to deter like or similar conduct in the future;

(e)  Judgment be rendered against Defendant ABC CORP. for punitive damages to deter like or similar conduct in the future

(f)  Judgment be rendered against Defendant AUTO-OWNERS INSURANCE COMPANY based on its contract of insurance;

(g)  Judgment be rendered against Defendant XYZ Corp. based on its contract of insurance;

(h)  Plaintiff be awarded prejudgment interest on all damages as allowed by law;

(i)  Interest on the judgment be awarded at the legal rate from the date of judgment;

(j)   All costs of this action be taxed against Defendants; and

(k)  Plaintiff has any and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each claim for which she has a right to a jury.

Respectfully submitted this 22nd day of August, 2022.

**BADER SCOTT INJURY LAWYERS**

_____
**Shanti Nagrani**
Georgia Bar # 362653
**David Byrd**
Georgia Bar # 974073
*Attorneys for Plaintiff Erick G. Villatoro*

**BADER SCOTT INJURY LAWYERS**
3384 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
Phone: 404 888-8888
Fax: 404 953-7744
shantinagrani@baderscott.com

STATE COURT OF
DEKALB COUNTY, GA.
8/22/2022 11:56 AM
E-FILED
BY: Monica Gay